UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Crim. No. |
| ASTRID RAMIREZ-PINO, ) | 87-279-FDS |
| ) | |
| Petitioner. ) | |

MEMORANDUM AND ORDER ON
MOTION TO VACATE

**SAYLOR, J.**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Petitioner Astrid Ramirez seeks to vacate her sentence on the grounds that she received ineffective assistance of counsel in violation of her Sixth Amendment rights and is actually innocent of the crimes to which she pleaded guilty. For the reasons set forth below, the motion will be denied.

**I.   Background**

On May 15, 1987, Drug Enforcement Administration agents observed Walter Arango retrieve cocaine from a car driven by Astrid Ramirez and then sell that cocaine to two confidential informants. Ramirez now states that Arango was friends with her mother's boyfriend, and that she was giving him a ride, but that she had no knowledge that he had placed the cocaine in her car or that he had sold drugs.

On August 13, 1987, Ramirez was indicted for conspiracy to possess cocaine with intent to distribute, aiding and abetting possession of cocaine with intent to distribute, and possession of cocaine with intent to distribute. Her father hired attorney Peter Muse to represent her for

$5,000.  However, Muse later told Ramirez and her father that he would not represent her at trial unless they paid him an additional $15,000.  At no time did he advise them that, if she could not afford a lawyer, she could seek to have counsel appointed to represent her.

On November 3, 1987, Ramirez pleaded guilty to the conspiracy and aiding and abetting counts the possession count was dismissed.  She was sentenced to concurrent six-month terms of imprisonment.  She states now that she pleaded guilty because she could not pay the $15,000 Muse had demanded, despite the fact that she was innocent and wanted to go to trial.

On September 3, 2013, petitioner filed a motion for relief under 28 U.S.C. § 2255.  As evidence of the above-stated facts, the petition included a July 26, 2013 affidavit by Ramirez herself; a May 21, 2013 affidavit by her father, Jesus Ramirez; and an August 1, 2004 affidavit of attorney Peter Muse.

## II.   Analysis

Under 28 U.S.C. § 2255, a "prisoner in custody" may file a motion to vacate, set aside, or correct a sentence.  The relief requested may be granted on the grounds that the "petitioner's sentence (1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack."  *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).  Petitioner bears the burden of establishing that she is entitled to relief under § 2255.  *Id.*

A basic requirement of the statute is that the petitioner be *in custody*.  See *Heflin v. United States*, 358 U.S. 415, 420 (1959)  (Stewart, J. concurring); *United States v. Darnell*, 716 F.2d 479, 480 (7th Cir. 1983) (Section 2255 requires that "the movant be 'in custody'"); *United States v. Williams*, 630 F. Supp. 2d 28, 30-31 (D.D.C. 2009) ("Upon completion of [her]

sentence, the defendant no longer remains 'in custody' within the meaning of § 2255."); *see also Tinder v. Paula*, 725 F.2d 801, 802 (1st Cir. 1984) (petitioner must be "in custody" to file petition under Section 2254). Here, petitioner completed her sentence more than 25 years ago and is no longer in custody. Even her assertion of actual innocence cannot overcome this statutory requirement. Accordingly, the motion to vacate will be denied.

### III. Conclusion

For the foregoing reasons, the motion of Astrid Ramirez to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: February 6, 2014